Docket No. 82869–Agenda 4–March 1998.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. LARRY MACK, Appellant.

Opinion filed May 21, 1998.

JUSTICE MILLER delivered the opinion of the court:

Defendant, Larry Mack, was convicted in the circuit court of Cook County of the offenses of murder (Ill. Rev. Stat. 1979, ch. 38, par. 9–1(a)) and armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18–2). He was sentenced to 25 years' imprisonment on the armed robbery charge and to death on the murder charge. We affirmed the murder conviction and death sentence on direct appeal. 
People v. Mack
, 105 Ill. 2d 103, 137 (1984). In a subsequent post-conviction proceeding, the circuit court vacated defendant's death sentence and ordered a new sentencing hearing. The State appealed and we affirmed. 
People v. Mack
, 167 Ill. 2d 525, 539 (1995). Defendant has now filed a motion in the circuit court seeking to bar the imposition of the death penalty at his second sentencing hearing based upon double jeopardy grounds. The trial judge denied this motion. Defendant appeals to this court pursuant to Supreme Court Rules 603 and 604(1). The State asks that we take this appeal pursuant to Supreme Court Rule 302(b). We granted leave to appeal and affirm.

BACKGROUND

We provide only the facts relevant to this appeal, more detailed facts can be found in 
Mack
, 105 Ill. 2d at 108-11. At a bench trial, defendant was found guilty of murder and armed robbery. A jury was empaneled and the case proceeded to an eligibility hearing for the death penalty phase of the trial. The State attempted to establish defendant's eligibility for the death sentence under section 9–1(b)(6) of the Criminal Code of 1961. That section states:

“(b) Aggravating Factors. A defendant who at the time of the commission of the offense has attained the age of 18 or more and who has been found guilty of murder may be sentenced to death if:

* * *

6. the murdered individual was killed in the course of another felony if:

(a) the murdered individual was actually killed by the defendant and not by another party to the crime or simply as a consequence of the crime; and

(b) the defendant killed the murdered individual intentionally or with the knowledge that the acts which caused the death created a strong probability of death or great bodily harm to the murdered individual or another; and

(c) the other felony was one of the following: armed robbery ***.” Ill. Rev. Stat. 1979, ch. 38, par. 9–1(b)(6).

The jury returned its findings on a form supplied to it by the court which stated: “We, the jury, unanimously find beyond a reasonable doubt that the following aggravating factor exists in relation to this Murder: Larry Mack killed Joseph Kolar in the course of an Armed Robbery.” After hearing testimony in aggravation and mitigation, the jury determined that there were no factors sufficient to preclude imposition of the death penalty and defendant was sentenced to death.

On defendant's direct appeal to this court, we affirmed his murder conviction and death sentence. 
Mack
, 105 Ill. 2d at 137. We also resolved issues regarding defendant's other convictions and sentences which are not relevant here. The United States Supreme Court ordered reconsideration in light of its decision in 
Griffith v. Kentucky
, 479 U.S. 314, 93 L. Ed. 2d 649, 107 S. Ct. 708 (1987) (applying 
Batson v. Kentucky
, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986), retroactively to cases pending on direct review or not yet final). 
Mack v. Illinois
, 479 U.S. 1074, 94 L. Ed. 2d 127, 107 S. Ct. 1266 (1987). We remanded the cause to the circuit court for a 
Batson
 hearing. On remand, the circuit court found that no 
Batson
 violation occurred. We affirmed. 
People v. Mack
, 128 Ill. 2d 231, 253 (1989).

Defendant next filed a petition in the circuit court under the Post-Conviction Hearing Act (Ill Rev. Stat. 1989, ch. 38, par. 122–1 
et seq.
). Defendant claimed that his death sentence was improper because the jury's eligibility verdict did not specify that defendant acted with the requisite mental state. Defendant claimed that his death sentence was unconstitutional in the absence of a proper jury determination that a statutory aggravating factor existed. Defendant also claimed that he received ineffective assistance of counsel in that his counsel did not raise this issue on direct appeal. The trial court allowed the petition, vacated defendant's death sentence, and ordered a new sentencing hearing. On the State's direct appeal of the post-conviction proceeding to this court, we found that the verdict “attempted to set forth a statutory aggravating factor, but failed to do so completely and omitted an essential element.” 
People v. Mack
, 167 Ill. 2d 525, 538 (1995). We affirmed the decision to vacate the death sentence and to hold a new sentencing hearing. 
Mack
, 167 Ill. 2d at 538-39.

Defendant then filed a motion in the trial court seeking to preclude a second capital sentencing hearing on double jeopardy grounds. Defendant argued that the verdict returned by the jury at the first death penalty hearing should act as an acquittal of his eligibility for the death penalty. The trial judge denied this motion.

Defendant appealed the denial of the motion directly to this court pursuant to Supreme Court Rules 603 and 604(1). Because this is not an appeal from a judgment of the circuit court imposing the death sentence, defendant does not have a direct appeal to this court as a matter of right under Rule 603. 134 Ill. 2d R. 603. Nor do we have a Rule 604(1) which would apply to this appeal. Paragraph (f) of Rule 604, the only section of Rule 604 relevant to this appeal, allows a defendant an interlocutory appeal to the appellate court when double jeopardy motions are denied. 145 Ill. 2d R. 604(f). We assume defendant intended to appeal to this court pursuant to Rule 604(f).

The State, asserting that the public interest requires an expeditious determination of this issue by this court, requests that we assume jurisdiction pursuant to Supreme Court Rule 302(b). 134 Ill. 2d R. 302(b). Rule 302(b) provides in relevant part: “After the filing of the notice of appeal to the Appellate Court in a case in which the public interest requires prompt adjudication by the Supreme Court, the Supreme Court or a justice thereof may order that the appeal be taken directly to it.” 134 Ill. 2d R. 302(b). Although the filing of a notice of appeal to the appellate court is normally required as a condition precedent to our granting an appeal pursuant to Rule 302(b), we have consistently decided death penalty issues in this court. The advantages of this are clear. See, 
e.g.
, 
People v. Lewis
, 105 Ill. 2d 226, 232 (1984) (“If we were to allow appeals from post-conviction hearings in death cases to go to the appellate court, those cases might not receive a uniform review”); 
People v. Gaines
, 105 Ill. 2d 79, 99 (1984) (“Statewide review, in this court, of post-conviction cases involving the death penalty will further the governmental interest in uniform and expeditious review of death sentences”). Because the public interest requires an expeditious determination of this issue in this court, we excuse defendant's failure to first file a notice of appeal to the appellate court under Rule 604(f) and allow the appeal to this court pursuant to our supervisory authority and Rule 302(b).

ANALYSIS

Defendant argues here that double jeopardy protections preclude a second capital sentencing hearing. The verdict returned by the jury did not include as a part of the statutory aggravating factor the element that the murder was either intentional or done with knowledge that the acts created a strong probability of death or great bodily harm to the victim. Defendant argues that the flaw in the verdict form returned by the jury served as an acquittal of the culpable mental state needed for death penalty eligibility. Thus, defendant argues, the verdict was an acquittal of defendant's death penalty eligibility.

A death penalty acquittal bars the State from seeking the death penalty again on that conviction. See 
Arizona v. Rumsey
, 467 U.S. 203, 211, 81 L. Ed. 2d 164, 171, 104 S. Ct. 2305, 2310 (1984); 
Bullington v. Missouri
, 451 U.S. 430, 446, 68 L. Ed. 2d 270, 284, 101 S. Ct. 1852, 1862 (1981). Thus, defendant argues that the defective eligibility verdict returned by the jury prevents the State from seeking the death penalty on resentencing because of double jeopardy.

We must first examine what constitutes an acquittal for death penalty purposes. In determining whether double jeopardy precludes a second capital sentencing hearing, the Supreme Court in 
Poland v. Arizona
, 476 U.S. 147, 154, 90 L. Ed. 2d 123, 131, 106 S. Ct. 1749, 1754 (1986), stated that: “the relevant inquiry *** is whether the sentencing judge or the reviewing court has `decid[ed] that the prosecution has not proved its case' for the death penalty and hence has `acquitted' petitioners.” Quoting 
Bullington
, 451 U.S. at 443, 68 L. Ed. 2d at 282, 101 S. Ct. at 1860. This court has also examined the question of when a second capital sentencing hearing is barred on double jeopardy grounds. In 
People v. Page
, 155 Ill. 2d 232, 273 (1993), we stated that a second capital sentencing hearing is precluded on double jeopardy grounds “if the sentencer in the original hearing concluded that the prosecution had not proved its case that death was the appropriate punishment–grounds tantamount to an acquittal–or if the reviewing court vacated the death sentence for corresponding reasons.” In 
People v. Davis
, 112 Ill. 2d 78, 83 (1986), this court followed the “well-established rule that reversal of a judgment for trial error, rather than evidentiary insufficiency, will not bar *** a second capital sentencing hearing. [Citations.]” Based on these cases, acquittal for purposes of a second capital sentencing hearing occurs when the prosecution fails to prove its case due to insufficient evidence. Thus, our inquiry here is whether the verdict returned by the jury which failed to completely set forth a statutory aggravating factor amounts to trial error, or to an acquittal on the merits based on insufficiency of the evidence.

We believe that the flawed verdict form returned by the jury amounts to trial error and does not go to the sufficiency of the evidence relating to defendant's eligibility for the death sentence. First, the jury was properly instructed as to the mental state requirement for death penalty eligibility in both the oral and written instructions. Further, the jury was given only two verdict forms, one finding the defendant eligible for the death penalty, the other finding him not eligible. Even though the verdict form finding the defendant eligible for the death penalty lacked the intent requirement, the jury returned the verdict form supplied to it which found an aggravating factor to exist. The jury did not return the verdict form finding defendant ineligible for the death penalty. Additionally, after aggravation and mitigation testimony, the jury unanimously found the death sentence appropriate. We do not believe that the jury would have recommended the death sentence had it not first believed that defendant possessed the requisite mental state to be eligible for that offense. As this court observed in our opinion on direct appeal: “[Defendant's testimony that the fatal shot was accidental] is impossible to accept in view of the other evidence in the case.” 
Mack
, 105 Ill. 2d at 128. 

These facts indicate that trial error caused the jury to be supplied with and to return an erroneous verdict form. Further, the facts support the conclusion that the jury intended to find the defendant death sentence eligible and believed that the State proved its case. The facts do not support the conclusion that the jury found the evidence insufficient to find defendant eligible for the death sentence because it believed that he did not possess the requisite mental state. We do not believe that the first verdict acquitted defendant of death sentence eligibility. Thus, there are no constitutional bars that preclude the State from seeking the death sentence against defendant in his second capital sentencing hearing on grounds of double jeopardy.

Defendant further argues that a second death penalty eligibility hearing is barred by section 3–4(a) of the Criminal Code of 1961 (720 ILCS 5/3–4(a) (West 1996)). Section 3–4(a) bars a prosecution if the defendant was already prosecuted for the same offense and based on the same facts if the first prosecution: “(1) [r]esulted in either a conviction or an acquittal or in a determination that the evidence was insufficient to warrant a conviction; or *** (3) [w]as terminated improperly after the jury was impaneled and sworn *** but before findings were rendered by the trier of facts ***.” 720 ILCS 5/3–4(a)(1), (a)(3) (West 1996). We have already found that there was not an acquittal in the death penalty proceedings. Further, allowing a second capital sentencing hearing based on an error in a verdict form is a continuation of the proceedings and does not constitute a new prosecution. Section 3–4(a) is inapplicable and does not bar a second capital sentencing hearing for defendant.

CONCLUSION

For the foregoing reasons, the circuit court's ruling denying defendant's motion to bar a second capital sentencing hearing based on double jeopardy grounds is affirmed.

Affirmed.